**Naze BAFTJARI Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**No. 04–3459–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2006.

Victor Rubin, New York, New York, for Petitioner.

Kathleen M. Mehltretter, U.S. Atty. for the Western District of New York; Mary K. Roach, Asst. U.S. Atty., Buffalo, New York, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Naze Baftjari petitions for review of the June 2004 order of the BIA affirming order of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13

(2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

As a preliminary matter, Baftjari has waived review of the denial of her CAT claim by failing to discuss this claim in her brief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

With respect to her asylum and withholding of removal claims, even if Baftjari established that she had experienced persecution in the past, this was sufficient only to establish a presumption that she had a well-founded fear of persecution upon her return to Macedonia. *See* 8 C.F.R. § 208.13(b). However, as the IJ noted, the Government rebutted this presumption by demonstrating a fundamental change in country conditions with the 2001 signing and implementation of the Framework Agreement. 8 C.F.R. § 208.13(b)(1)(A). At that point, in order to be eligible for asylum, Baftjari was obligated to demonstrate "compelling reasons . . . arising out of the severity of the past persecution," or establish "a reasonable possibility" of other serious harm. 8 C.F.R. § 208.13(b). Her sole argument concerning future persecution was her assertion that her children would be denied birth certificates, education, and public services because a law exists in Macedonia prohibiting Albanians from having more than two children. Baftjari contends that the IJ should not have looked for corroboration of her testimony that this law existed. It is true that, where an asylum-seekers testimony has been "credible, specific, and detailed," an IJ cannot deny the asylum application solely on the basis of a lack of corroboration. *Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 115 (2d Cir.2005), *citing Diallo v. INS,* 232 F.3d 279, 287–88 (2d Cir.2000). However, in this case, the testimony was neither specific nor detailed—in fact, Baftjari's statement was that she was unsure whether Macedonian law still prohibited Albanians from having more than two children. This testimony was insufficient to overcome the Government's rebuttal of the presumption that she had a reasonable fear of future persecution.

As to Baftjari's contention that the denial of public education amounts to economic persecution, this argument was not made to the IJ or the BIA and thus may not be raised for the first time in her petition for review. In any event, moreover, the claim is meritless. This Court has recently approved the BIA's application of a requirement that, "[t]o make a showing of actual economic persecution . . . an applicant must show that she was a victim of economic deprivation so severe that her life or her freedom was threatened." *Damko v. INS.,* 430 F.3d 626, 636–37 (2d Cir.2005) (not yet published). Baftjari made no such showing—indeed, she conceded that, although she herself did not attend public school, she was able to attend a private school. Thus, to the extent that a stricture against the provision of public education to third and subsequent children does exist in Macedonia, it does not appear to be severe enough to rise to the level of persecution required by *Damko.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).